### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GEORGINA ALFONSECA-BAEZ | * |
| | * |
| Debtor/Plaintiff | * |
| | * |
| v. | *  **Civil No. 04-1325(SEC)** |
| | * |
| DORAL FINANCIAL CORP., et als | * |
| | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OPINION AND ORDER

Pending before the Court is Doral Financial Corp.'s (hereinafter Doral) Motion for Withdrawal of Reference (Docket # 1), Plaintiff's opposition thereto (Docket # 5), and Doral's reply to Plaintiff's opposition (Docket # 12). After carefully considering the parties' filings and the applicable law, for the reasons set forth below, Doral's Motion will be **DENIED**, and this matter will be **REFERRED back** to the Bankruptcy Court for final disposition.

**Factual and Procedural Background**

Plaintiff in this case is a debtor in a pending bankruptcy case under Chapter 13 of Title 11 of the U.S. Code. See, Docket # 5, at p. 3; see also, Bankr. Case No. 03-08570(GAC). Doral, the Defendant in this case, was listed as a secured creditor in Schedule D to Plaintiff's bankruptcy petition. Docket # 5, at p. 4. The Chapter 13 Plan initially confirmed by the Bankruptcy Court, estimated Doral's secured claim in the amount of $140,000, and pre-petition arrears to Doral in the amount of $5,200. Id.

Shortly thereafter, Doral filed a sworn proof of claim with the Bankruptcy Court which included a pre-petition mortgage liability of $77,561.36 and pre-petition arrearage on the mortgage in the amount of $11,170.14, which were twice what Plaintiff had estimated. Id., at p. 6. Doral's claim rendered Plaintiff's reorganization plan insufficient to satisfy the claims as proposed in the confirmed plan. Id., at p. 7. As such, the Trustee filed a motion to dismiss Plaintiff's bankruptcy petition. Id. Because of this, Plaintiff attempted to obtain, informally, from Doral the documents supporting its proof of claim. Id. However, Doral

**Civil Case No. 04-1325(SEC)**                                                                     2

refused to provide this information to Plaintiff. As such, Plaintiff addressed to Doral a "qualified written request", pursuant to the "Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq.*, whereby she requested from Doral some information pertaining to Plaintiff's mortgage loan with Doral. Docket # 5, at p. 7. Said communication requested from Doral information regarding the mortgage payoff balance, Plaintiff's payment history, the total unpaid principal, interest and escrow balances due and owing as of the filing of the bankruptcy petition, among others. Id., at p. 5. Doral failed to respond to this request as well. Id.

In an attempt to solve this matter, Plaintiff filed an adversary proceeding within the Bankruptcy Court challenging Doral's proof of claim and requesting additional relief pursuant to the RESPA, 12 U.S.C. § 2601, *et seq.*; see also, Adv. Proc. No. 04-006(GAC).

This motion ensued from the aforementioned adversary proceeding. Defendants argue that mandatory withdrawal of reference is required in this case pursuant to 28 U.S.C.A. § 157(d). It argues, in the alternative, that the circumstances surrounding this case qualify it for the exercise of permissive withdrawal.

**Applicable Law and Analysis**

Mandatory Withdrawal

According to 28 U.S.C.A. § 157(b)(1) "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section and may enter appropriate orders and judgments, subject to review under section 158 of this title." However, subsection 157(d) contemplates that some matters properly before a bankruptcy judge be withdrawn to a district court for resolution. Specifically, this section states that

> "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section (to the bankruptcy court) on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting

**Civil Case No. 04-1325(SEC)**                                                                3

interstate commerce." 28 U.S.C.A. § 157(d).

The first part of the cited section refers to permissive withdrawal, while the second part relates to the mandatory withdrawal of reference.

The purpose of mandatory withdrawal of reference "is to assure that only Article III Judges determine issues requiring more than a routine application of federal statutes outside the Bankruptcy code." In re Ponce Marine Farm, Inc. V. Browner, E.P.A., 172 B.R. 722, 724 (D. P.R. 1994)(hereafter Ponce); see also, In re Corporación de Servicios Médico Hospitalarios de Fajardo, 227 B. R. 763, 765 (D. P.R. 1998)(hereafter Fajardo). Notwithstanding the mandatory nature of mandatory withdrawal, "[c]ourts have overwhelmingly construed this statute narrowly, because to do otherwise would eviscerate much of the work of the bankruptcy courts" and would also "create an escape hatch by which bankruptcy matters could easily be removed to the district court." Fajardo, 227 B. R. at 765, citing, In the Matter of Vicars Insurance Agency, Inc., 96 F. 3d 949, 952 (7th Cir. 1996)(internal citations omitted)(hereafter Vicars).

As such, "mandatory withdrawal is proper only where resolution of the adversary proceeding involves **substantial and material** consideration of non-bankruptcy federal statutes." Ponce, 172 B. R. at 724.(citations omitted)(our emphasis). "Thus, the consideration of non-code law must entail more than routine application of federal non-code law to the facts." Id. That is, the mere presence of a non-title 11 issue, even if it is outcome-determinative, does not require mandatory withdrawal. Vicars, 96 F. 3d at 953. For mandatory withdrawal to be required "non-code issues [must] dominate the bankruptcy issues." Ponce, 172 B.R. at 724.

In Ponce the district court held that mandatory withdrawal was not required because the bankruptcy court's consideration of the non-code law, in that case the Clear Water Act, 33 U.S.C.A. § 1251, et seq., would only be tangential. Id. The district court concluded that "the tangential nature of the bankruptcy court's inquiry is evidenced by the fact that the court need only address whether the [Defendant, the Environmental Protection Agency] followed

**Civil Case No. 04-1325(SEC)**                                                                4

the requisite procedures of the Clear Water Act." Id. On the other hand, it determined that the main issues before the bankruptcy court were whether the EPA's order was a claim under the bankruptcy code and what kind of treatment said claim was entitled to under the code. Id.

We believe that the adversary proceeding filed by Plaintiff against Doral also involves a clear bankruptcy issue: whether the amounts claimed by Doral in its proof of claim are to be disallowed because they are "excessive, unreasonable, have [not been] allowed by the Court, are contrary to law, are fictitious and/or non existent." See, Docket # 1, Adv. Proc. 04-006(GAC), at p. 7. Plaintiff's inclusion of a claim under RESPA only responded to Doral's alleged failure to provide the mortgage-related information requested by Plaintiff through informal means, and to Plaintiff's need for said information in assessing the accuracy of Doral's secured claim against the bankruptcy estate. Plaintiff's request on the adversary proceeding is for the bankruptcy court to reduce the amount claimed by Doral as it deems proper. It also requested compensatory damages and statutory damages under RESPA.

Defendants contend that mandatory withdrawal is required because the bankruptcy court would have to address a substantial non-bankruptcy issue in order to properly adjudicate Plaintiff's case: that is, determining whether the communication sent by Plaintiff to Doral constitutes a qualified written request. Docket # 1, at p. 7. However, we conclude, as did the Ponce court, that said determination is not substantial but merely tangential, see, Ponce, 172 B.R. at 724, and will not entail substantial and material consideration of non-bankruptcy federal law; the real issue before the bankruptcy court is whether Doral's secured claim against Plaintiff is accurate or if it should be reduced. Allowing or disallowing claims against a bankruptcy estate is a core bankruptcy proceeding. See, 28 U.S.C.A. § 157(b)(2). It should also be noted that the issue of whether a communication is a qualified written request has been addressed by the bankruptcy courts in the past. See, In re Pearl Maxwell v. Fairbanks Capital Corporation, 281 B.R. 101, 120-123 (Bank. Ct. Mass. 2002); see also, In

**Civil Case No. 04-1325(SEC)**                                                5

re Matter of José L. Sánchez-Rodríguez, 2006 WL 389313 (Bank. Ct. P.R. 2006).

Concluding otherwise would "eviscerate much of the work of the bankruptcy courts" and would also "create an escape hatch by which bankruptcy matters could easily be removed to the district court." Fajardo, 227 B. R. at 765, citing, In the Matter of Vicars Insurance Agency, Inc., 96 F. 3d at 952.

        Permissive Withdrawal

We turn now to the issue of permissive withdrawal. As the statute provides, "a permissive withdrawal of reference may occur only 'for cause shown'" Fajardo, 227 B.R. at 765. Given the narrow construction of the mandatory withdrawal exception to the bankruptcy court's jurisdiction, it is no surprise that permissive withdrawal is also interpreted narrowly. "Permissive withdrawal is used as a narrow exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court." Fajardo, 227 B.R. at 765; Ponce, 172 B.R. at 724. Section 157(d) gives broad discretion to the district court "on whether a case should be heard before the bankruptcy court or the district court." Fajardo, 227 B.R. at 765. The burden is on the movant to prove that there is cause for the district court to withdraw the reference. Id.; Ponce, 172 B.R. at 725. The statute is silent as to what constitutes cause; however, "caselaw has developed in recent years outlining several factors that should be taken into account by a district court in determining whether permissive withdrawal of reference is appropriate in a given instance." Fajardo, 227 B.R. at 765. Among these considerations are: "uniformity in bankruptcy administration, reducing forum shopping, and confusion, fostering the economical use of the debtor's and creditor's resources, and expediting bankruptcy process." Id.

However, this District has adopted the Fourth Circuit approach to determining whether permissive withdrawal should ensue. Id. That is, in making this determination the district court "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." Id., citing, In re Orion Pictures

**Civil Case No. 04-1325(SEC)**                                                                    6

Corporation, 4 F. 3d 1095, 1101 (4th Cir. 1993), *cert. dismissed,* 511 U.S. 1026 (1994); see also, In re Jackson Brook Institute, Inc. 280 B.R. 779, 782 (D. Me. 2002)(hereafter Jackson); In re Envisionet computer Services, Inc., 276 B.R. 7, (D. Me. 2002)(hereafter Envisionet). The rationale behind this approach is that "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and the issues." Fajardo, 227 B.R. at 765, citing, In re Orion, 4 F. 3d at 1101. Although the core/non-core distinction is not dispositive "it cuts against permissive withdrawal." Id.

As stated above, the main issue before the bankruptcy court in the adversary proceeding filed by Plaintiff, is whether Doral's claim against the estate should be disallowed, or reduced. As stated before, this is a core-proceeding. See, 28 U.S.C.A. § 157 (b)(2); see also, Envisionet, 276 B.R. at 10 ("where a defendant has made a claim on the estate, the defendant has submitted to the process of allowance and disallowance of claims adjudicable by the bankruptcy court."); Langenkamp v. Culp, 498 U.S. 42, 44 (1990)("by filing a claim against a bankruptcy estate the creditor triggers the process of allowance and disallowance of claims, thereby subjecting himself to the bankruptcy court's equitable power.")

Determining that the main issue before the Bankruptcy Court is a core-matter, we find that it furthers judicial economy that the motion to withdraw the reference be denied. See, Fajardo, 227 B.R. at 766 ("[t]he core/non-core distinction has also been tied to the efficiency factor, insofar as the bankruptcy judge will normally be more familiar with the factual and legal intricacies of the case, and will thus be in better position to dispose of the case expeditiously."); see also, Jackson, 280 B.R. at 782 ("[i]n determining judicial economy, courts weigh the preponderance of 'core' versus 'noncore' claims.")

We also conclude that denying Doral's motion to withdraw the reference will further the goal of preventing forum shopping and the uniformity of the administration of bankruptcy law. It will also prevent undue delays in the administration of a bankruptcy estate. We believe

**Civil Case No. 04-1325(SEC)**                                                                          7

that holding otherwise will only open wide the doors of this Court to every issue that is

properly before a bankruptcy court, pursuant to 28 U.S.C.A. § 157, despite the core nature

of the proceeding.

### Conclusion

For the reasons set herein, Doral's Motion to Withdraw the Reference (Docket #1) is

hereby **DENIED.** This matter will be **REFERRED back** to the Bankruptcy Court for final

disposition.

### SO ORDERED.

In San Juan, Puerto Rico, this 28th day of September, 2007

         S/ *Salvador E. Casellas*
         SALVADOR E. CASELLAS
         U.S. Senior District Judge

Certified to be a true & exact copy of the document,
or an authorized electronic docket entry on file
FRANCES RIOS DE MORAN, CLERK
U S District Court for the
District of Puerto Rico

By _____
Deputy Clerk
Date _____
10/11/2007

CLOSED, JUDGE

# United States District Court
## District of Puerto Rico (San Juan)
### CIVIL DOCKET FOR CASE #: 3:04-cv-01325-SEC
### Internal Use Only

Alfonseca-Baez v. Doral Financial Corporation
Assigned to: Salvador E Casellas
Cause: 28:0157 Motion for Withdrawal of Reference

Date Filed: 04/15/2004
Jury Demand: None
Nature of Suit: 423 Bankruptcy Withdrawl
Jurisdiction: Federal Question

**Plaintiff**

Georgina Alfonseca-Baez

represented by **Juan Manuel Suarez-Cobo**
Suarez Cobo Law Office
Box 316
Senorial Station
San Juan, PR 00926-6023
787-791-1818
Fax: 800-986-1842
Email: juani@icepr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

Doral Financial Corporation

represented by **Kevin M. Acevedo-Carlson**
PO Box 193251
San Juan, PR 00919-3251
787-751-6212/ 615-5074
Fax: 787-751-1645
Email: kacevedo@alf-ac.com
*TERMINATED: 01/18/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Salvador J. Antonetti-Stutts**
Department of Justice
Federal Litigation Division
PO Box 9020192
San Juan, PR 00902-0192
787-724-2165
Fax: 787-724-3380
Email:
santonetti@justicia.gobierno.pr

Case:04-00006-GAC   Doc#:15   Filed:10/11/07   Entered:10/19/07 14:32:48   Desc: Main
Document    Page 9 of 12

*TERMINATED: 01/11/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nestor Mendez-Gomez**
Pietrantoni Mendez & Alvarez
209 Munoz Rivera Ave.
Suite 1901
San Juan, PR 00918
787-274-4904
Fax: 787-274-1470
Email: nmendez@pmalaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/19/2004 | 1 | MOTION to Withdraw Reference filed by Kevin M. Acevedo-Carlson on behalf of Doral Financial Corporation (Attachments: # 1 Exhibit Copy of Adv. Proc. Dock. Rep. and File Documents) (Acevedo-Carlson, Kevin) Modified on 4/27/2004 TO CORRECT FILING DATE(ov, ). (Entered: 04/26/2004) |
| 05/05/2004 | 2 | MOTION for Extension of Time to File Response/Reply as to 1 MOTION to Withdraw Reference filed by Doral Financial Corporation filed by Juan Manuel Suarez-Cobo on behalf of Georgina Alfonseca-Baez Suggestions in opposition/response due by 5/18/2004 (Related document(s)1) (Suarez-Cobo, Juan) (Entered: 05/05/2004) |
| 05/05/2004 | 3 | ORDER granting 2 Motion for Extension of Time to File Response/Reply re 1 MOTION to Withdraw Reference until June 9, 2004. (Entered: 05/05/2004) |
| 05/14/2004 | 4 | CERTIFICATE of Clerk of the Bankruptcy Court to Withdraw Reference of the instant Adversary Proceeding. (Attachments: # 1 Appendix - Docket of the Case #04-0006 in the Adversary Proceeding before the Bankruptcy Court, #(2) Appendix - Dockets from 2-7, #(3) Appendix - Docket #1) (ov, ) (Entered: 05/14/2004) |
| 06/02/2004 | 5 | RESPONSE in Opposition *TO WITHDRAW OF REFERENCE* filed by Georgina Alfonseca-Baez Re: 1 MOTION to Withdraw Reference filed by Doral Financial Corporation, 2 MOTION for Extension of Time to File Response/Reply as to 1 MOTION to Withdraw Reference filed by Doral Financial Corporation filed by Georgina Alfonseca-Baez, [3] Order on Motion for Extension of Time to File Response/Reply (Attachments: # 1 Exhibit Bankruptcy Docket# 2 Exhibit Bankruptcy Petition# 3 Exhibit C-341 MINUTES# 4 Exhibit D-CONFIRMATION ORDER# 5 Exhibit E-CHAPTER 13 PLAN# 6 Exhibit F - RESPA LETTER# 7 Exhibit G - DORAL'S PROOF OF CLAIM# 8 Exhibit H - NOTICE OF |

| | | APPEARANCE# 9 Exhibit I - TRUSTEE'S MOTION TO DISMISS# 10 Exhibit J - EXTENSION MOTION)(Suarez-Cobo, Juan) (Entered: 06/02/2004) |
|---|---|---|
| 06/11/2004 | ◑6 | MOTION for Leave to File Document *Reply to Opposition and for Extension of Time* filed by Kevin M. Acevedo-Carlson on behalf of Doral Financial Corporation Suggestions in opposition/response due by 6/24/2004 (Acevedo-Carlson, Kevin) (Entered: 06/11/2004) |
| 06/14/2004 | ◑7 | ORDER granting 6 Motion for Leave to File until July 12, 2004. Signed by Judge Salvador E Casellas on 6/18/2004. (mb, ) (Entered: 06/14/2004) |
| 06/14/2004 | ◑ | Set/Reset Deadlines as to 1 MOTION to Withdraw Reference. Replies due by 7/12/2004. (See #7). (ft, ) (Entered: 06/15/2004) |
| 07/12/2004 | ◑8 | MOTION for Extension of Time to File Response/Reply as to 5 Response in Opposition to Motion,,, filed by Georgina Alfonseca-Baez filed by Salvador J. Antonetti-Stutts on behalf of Doral Financial Corporation Suggestions in opposition/response due by 7/27/2004 (Related document(s)5) (Antonetti-Stutts, Salvador) (Entered: 07/12/2004) |
| 07/12/2004 | ◑9 | ORDER granting 8 Motion for Extension of Time to File Response/Reply. Replies due by 7/30/2004. Signed by Judge Salvador E Casellas on 7/12/204. (mb, ) (Entered: 07/12/2004) |
| 07/30/2004 | ◑10 | MOTION for Extension of Time to File Response/Reply as to [9] Order on Motion for Extension of Time to File Response/Reply filed by Salvador J. Antonetti-Stutts on behalf of Doral Financial Corporation Suggestions in opposition/response due by 8/12/2004 (Related document(s)[9]) (Antonetti-Stutts, Salvador) (Entered: 07/30/2004) |
| 08/05/2004 | ◑11 | ORDER granting 10 Motion for Extension of Time to File Response/Reply. Replies due by 8/13/2004. Signed by Judge Salvador E Casellas on 8/5/2004. (mb, ) (Entered: 08/05/2004) |
| 08/13/2004 | ◑12 | REPLY to Response to Motion *to Withdraw the Reference* filed by Doral Financial Corporation Re: 5 Response in Opposition to Motion,,, filed by Georgina Alfonseca-Baez (Antonetti-Stutts, Salvador) (Entered: 08/13/2004) |
| 08/19/2004 | | ***Deadlines terminated. (ov, ) (Entered: 08/19/2004) |
| 01/10/2005 | ◑13 | MOTION to Withdraw Attorney as to Salvador J. Antonetti-Stutts filed bySalvador J. Antonetti-Stutts on behalf of Doral Financial Corporation (Antonetti-Stutts, Salvador) (Entered: 01/10/2005) |
| 01/11/2005 | ◑14 | ORDER granting 13 Motion to Withdraw as Attorney. Attorney Salvador J. Antonetti-Stutts terminated. Signed by Judge Salvador E Casellas on 1/11/05. (mb, ) (Entered: 01/11/2005) |
| | | |

| | | |
|---|---|---|
| 01/16/2005 | ⊙15 | MOTION to Withdraw Attorney as to Kevin M. Acevedo-Carlson filed byKevin M. Acevedo-Carlson on behalf of Doral Financial Corporation (Acevedo-Carlson, Kevin) (Entered: 01/16/2005) |
| 01/18/2005 | ⊙16 | NOTICE of Appearance by Nestor Mendez-Gomez by on behalf of Doral Financial Corporation (Mendez-Gomez, Nestor) (Entered: 01/18/2005) |
| 01/18/2005 | ⊙17 | ORDER granting 15 Motion to Withdraw as Attorney. Attorney Kevin M. Acevedo-Carlson terminated. Signed by Judge Salvador E Casellas on 1/18/05. (mb, ) (Entered: 01/18/2005) |
| 09/28/2007 | ⊙18 | OPINION AND ORDER denying 1 Motion to Withdraw Reference. Pursuant to the Court's Opinion and Order of even date, this case will de DISMISSED, and REFERRED BACK to the Bankruptcy Court for final disposition. Signed by Judge Salvador E Casellas on 9/28/2007. (mbr) (Entered: 09/28/2007) |
| 09/28/2007 | | ***Civil Case Terminated. (mbr) (Entered: 09/28/2007) |
| 10/01/2007 | ⊙19 | TRANSMITTAL Letter to the U.S. Bankruptcy Court forwarding certified copies of Order of Transfer and Docket Sheet. (cm, ) (Entered: 10/01/2007) |

Certified to be a true & exact copy of the document, or, an authorized electronic docket entry on file
FRANCES RIOS DE MORAN, CLERK
U.S. District Court for the
District of Puerto Rico

By _____
Deputy Clerk
Date __10/1/2007__

# UNITED STATES DISTRICT COURT

### DISTRICT OF PUERTO RICO
### FEDERICO DEGETAU FEDERAL BLDG. - RM. 150
### CARLOS CHARDON AVE.
### HATO REY, PUERTO RICO 00918-1767

FRANCES RIOS DE MORAN

CLERK

TEL. (787) 772-3071
FAX (787) 766-5605

October 1, 2007

Clerk of Court
U.S. Bankruptcy Court
District of Puerto Rico
San Juan, Puerto Rico

Re: Civil No.  3:04-1325 (SEC)
Alfonseca-Baez v. Doral Financial Corp.

Dear Clerk:

In accordance with the Opinion and Order referring back to the Bankruptcy Court for final disposition entered by United States District Judge Salvador E. Casellas in the above entitled case, we include the following documents:

1.    Certified copy of Opinion and Order  (docket #18)

2.    Certified copy of docket sheet.

Kindly acknowledge receipt on the copy attached herewith.

Very truly yours,

FRANCES RIOS DE MORAN
Clerk of Court

By:    Lida Isis Egele
Operations Manager

Encs.

cc:    Counsel of Record
thru CM/ECF